```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
BRUCE DUNN, MICHAEL WEISSMAN and JAMES   :    05 CIV. 2749 (DLC)
VERRASTER,                               :
                Plaintiffs,              :    OPINION & ORDER
                                         :
        -v-                              :
                                         :
STANDARD BANK LONDON LTD. and STANDARD   :
INTERNATIONAL HOLDINGS,                  :
                                         :
                Defendants.              :
                                         :
----------------------------------------X
```

Appearances:

For Plaintiffs:
Susan B. Egan
Egan Law Firm LLC
258 Broadway
New York, NY 10007

For Defendants:
James P. Philbin III
Seth Kaplan
Maral N. Kazanjian
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178

DENISE COTE, District Judge:

   Plaintiffs bring this action to recover bonus amounts they believe they are due from their former employer.  They allege common law breach of contract, unjust enrichment, and conversion claims, as well as violations of Article 6 of the New York Labor Law, against Standard Bank London Ltd. ("Standard London") and Standard International Holdings ("Standard International").  The defendants claim that plaintiff's employer was Standard New York Trading Corp. ("Standard New York") rather than the captioned

1

defendants, and that the action should thus be dismissed for failure to add an indispensable party under Rule 19, Fed. R. Civ. P.

It is undisputed that the sole basis for this Court's jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  Standard New York is an indispensable party, and must be joined as a defendant.  Since the parties dispute whether the principal place of business of Standard New York is in New York, and thus whether diversity exists, the parties will be permitted an opportunity to take limited discovery addressed to that discrete issue.

Background

On March 10, 2005, plaintiff Bruce Dunn ("Dunn") brought this action against "Standard Bank Group" in federal court.  In his original complaint, he represented that he had been employed by Standard New York, a "division of Standard Bank Group located in New York," as a "Sales/Trader on the Precious Metals Desk" from October 1998 through August 2004.  Dunn alleged that he had been promised specific bonus amounts over the years of his employment, but that the company had withheld portions of those bonus amounts subject to his being employed by Standard New York two years from the date each bonus was awarded.  When Dunn left the company in 2004, $88,333 of the bonus amounts that he had earned was still being withheld by Standard New York.  Standard New York refused to pay Dunn this amount when he demanded it upon

2

his resignation.

On April 27, Dunn filed an Amended Complaint adding Standard New York and Standard Americas, Inc. ("Standard Americas") as defendants. These two entities are apparently the same; Standard New York became Standard Americas at an unspecified date.[1] After the Court inquired about the basis for subject matter jurisdiction at an initial pretrial conference of May 24, defendants sent a letter of June 3, advising that Standard New York was a separate entity that, while incorporated in Delaware, has its principal place of business in New York. It is undisputed that Dunn resides in New York as well. Dunn responded with a letter proposing that Standard Bank London Ltd. ("Standard London") and Standard International Holdings, Inc. ("Standard International") be added as defendants. After more correspondence, plaintiff was granted permission to add additional parties to the action.

Dunn filed a Second Amended Complaint (the "Complaint") on June 27. Two additional plaintiffs, Michael Weissman ("Weissman") and James Verraster ("Verraster"), were added to the Complaint. Their allegations are similar to Dunn's. In addition, the Complaint listed the sole defendants as Standard London and Standard International. Although the Complaint states that the plaintiffs "were located in and conducted business on behalf of [Standard London] in [Standard Americas]," neither

---

[1] Both entities are thus hereinafter referred to interchangeably as "Standard New York."

Standard New York nor Standard Americas is captioned as a defendant.

On August 5, defendants filed a motion to dismiss for failure to join an indispensable party under Rule 19(b), Fed. R. Civ. P.  They argue that the Complaint represents an "attempt to circumvent the jurisdictional requirements of the federal courts by covertly removing from [the] pleadings the only proper defendant in this action – [plaintiffs'] former employer, [Standard New York]."  The defendants contend that, because the action is for the recovery of unpaid compensation, the entity that actually employed the plaintiffs is an indispensable party.  They accordingly request dismissal of the action pursuant to Rule 12(b)(7), Fed. R. Civ. P.

Discussion

Rule 12(b)(7), Fed. R. Civ. P., provides that an action may be dismissed for failure to join a party under Rule 19.  The Rule 19 framework was described by this Court in In re WorldCom, Inc. Sec. Litig., No. 02 Civ. 3288 (DLC), 2004 WL 2955237 (S.D.N.Y Dec. 22, 2004).  In brief, Rule 19 sets forth a two-step test for determining whether a court must dismiss an action for failure to join an indispensable party.  Viacom Int'l Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000).  First, the court must determine whether an absent party is a "necessary" party under Rule 19(a).  Id.  Rule 19(a) provides that the absent party should be joined, if feasible, where:

4

> (1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Rule 19(a), Fed. R. Civ. P.  With respect to the second prong of Rule 19(a), "there must be more than an unsupported assertion that [the non-joined party] has a claim to that interest." Jonesfilm v. Lion Gate Int'l, 299 F.3d 134, 140 (2d Cir. 2002).

Where a court makes a threshold determination that a party is necessary under Rule 19(a) and joinder of the absent party is not feasible for jurisdictional or other reasons, the court must then determine whether the party is "indispensable" under Rule 19(b).  Universal Reins. Co. v. St. Paul Fire & Marine Ins. Co., 312 F.3d 82, 87 (2d Cir. 2002).  Rule 19(b) provides:

> The court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.  The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Rule 19(b), Fed. R. Civ. P.

In deciding a motion to dismiss, the court may consider "documents either in plaintiffs' possession or of which

5

plaintiffs had knowledge and relied on in bringing suit." <u>Brass v. American Film Techs., Inc.</u>, 987 F.2d 142, 150 (2d Cir. 1993). With their motion papers, the defendants have submitted Standard New York's original offer letters to all three plaintiffs. Plaintiffs likewise attach correspondence from Standard New York to Dunn and Weissman.  All correspondence issues from "Standard New York Trading Corp." in New York City.  A September 29, 1998 letter to Dunn, attached by both the plaintiffs and defendants, states:  "We are pleased to offer you a position at Standard New York Trading Corp. . . . effective September 30, 1998."  That letter refers again to Standard New York and to no other entity. Verraster's offer letter, dated July 11, 1996, begins: "We are pleased to offer you a position at Standard New York, Inc."  That letter, too, refers repeatedly to Standard New York and to no other entity.  Weissman's November 20, 1995 offer letter is similar.  All three letters welcome the new employees "on behalf of the management of [Standard New York]" and describe how bonuses are to be awarded.  Letters attached by the plaintiffs regarding specific bonus awards also issue from Standard New York and no other entity.  Plaintiffs have submitted no documentation suggesting that they worked for a corporate entity other than Standard New York.  They do attach a printout of a web page describing the precious metals business of Standard Bank Group, but the web page gives no indication that Standard New York (or Standard Americas) is not a distinct entity and an employer in its own right.

In their opposition papers, plaintiffs allege that the Precious Metals trading desk that employed plaintiffs "was run by Standard Bank London and that the bonuses which were the subject of the complaint[] had been awarded by a compensation committee sitting in London acting pursuant to a policy implemented and enforced by [Standard International]." They submit Dunn's offer letter, which states that "Future bonuses will take into account the profitability of the Standard New York Trading Corp. Precious Metals Desk as well as the global profitability of this area." A letter informing Weissman of his bonus for 1999 and a portion of 1998 informs him that "[Standard New York], as part of the Standard International Holdings S.A. group of companies . . . follow[s] the renumeration policy of [Standard International]."

The documents submitted by the parties, as well as the wording of Dunn's original complaint, firmly establish that Standard New York was plaintiffs' employer. Even the documents attached by plaintiffs, purportedly submitted as support for their contention that another entity was the plaintiffs' employer, unambiguously list the employer as Standard New York. The omission of Standard New York from the current iteration of the Complaint is nothing more than artful pleading designed to avoid destroying the basis for federal diversity jurisdiction over the action.

As the plaintiffs' employer, Standard New York is a necessary party to the action. Whether Standard New York was indeed contractually bound to compensate the plaintiffs with

7

particular bonus amounts is the central issue to be adjudicated in this case.  "If the resolution of a plaintiff's claim would require the definition of a non-party's rights under a contract, it is likely that the non-party is necessary under Rule 19(a)." Jonesfilm, 299 F.3d at 141.  Moreover, it is difficult to see how plaintiffs could be accorded complete relief if the sole named party with which they contracted is absent from the action.  The plaintiffs will have an adequate remedy if the action is dismissed: the action may proceed in state court.  There is no reason plaintiffs will be prejudiced by being deprived of a federal forum for their action, as their claims are based entirely on New York state law, and it is not disputed that Standard New York is subject to the jurisdiction of New York courts.

Standard New York also qualifies as an indispensable party under Rule 19(b).  Of the factors listed in Rule 19(b), the most pertinent to this case is the third.  Because there is no indication that either of the defendants was actually a party to the contracts on which plaintiffs premise their action, no adequate judgment could be rendered in Standard New York's absence.  Cf. Envirotech Corp. v. Bethlehem Steel Corp., 729 F.2d 70, 75 (2d Cir. 1984) (upholding the district court's determination that the real party in interest to the contracts at issue was an indispensable party).  As noted above, the plaintiffs themselves would not be prejudiced by bringing their claims in state court.  Since Rule 19(b) is essentially an

8

inquiry into the equities that affect the necessary but absent party and the named parties to the litigation, it is appropriate to observe that the plaintiffs have altered their pleadings with the clear intent to manufacture jurisdiction.  Standard New York is accordingly an indispensable party.

The sole remaining issue is the location of the principal place of business of Standard New York.  The defendants assert that Standard New York's principal place of business is New York, but the plaintiffs dispute this assertion.  The parties shall be given an opportunity to conduct limited discovery directed at the resolution of this single disputed fact.

Conclusion

The defendants' motion to dismiss is denied without prejudice to renewal following discovery addressed to identifying the location of the principal place of business of Standard New York.

Dated:    New York, New York
          January 30, 2006

                                    _____
                                             DENISE COTE
                                    United States District Judge