```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
BRUCE DUNN, MICHAEL WEISSMAN and JAMES    :   05 CIV. 2749 (DLC)
VERRASTER,                                :
                      Plaintiffs,         :   MEMORANDUM OPINION &
                                          :          ORDER
          -v-                             :
                                          :
STANDARD BANK LONDON LTD. and STANDARD    :
INTERNATIONAL HOLDINGS,                   :
                                          :
                      Defendants.         :
                                          :
-----------------------------------------X
```

Appearances:

For plaintiffs:
Susan B. Egan
Rita W. Gordon
Egan Law Firm
258 Broadway
Suite 8E
New York, NY 10007

For defendants:
Debra S. Morway
Maral N. Kazanjian
Morgan, Lewis & Bokius LLP
101 Park Avenue
New York, NY 10178

DENISE COTE, District Judge:

Plaintiffs bring this action to recover bonus payments they claim they are owed by their former employer. Because they bring causes of action exclusively under New York statutory and common law, the sole basis for this Court's jurisdiction is the complete diversity of the parties, pursuant to 28 U.S.C. § 1332(a)(1). In August 2005, defendants moved to dismiss the action for failure to add an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. According to defendants, Standard New York Trading Corp. ("Standard New York") was plaintiffs' true

employer, and its participation in the lawsuit was therefore necessary for the proper adjudication of the claims.  Because plaintiffs are New York residents, the addition of a New York defendant would destroy this Court's diversity jurisdiction and would require plaintiffs to bring the action in state court.  In an Opinion of January 30, 2006 (the "January 30 Opinion"), the Court found that plaintiffs were employees of Standard New York, which was an indispensable party under Rule 19.  <u>Dunn v. Standard Bank London Ltd.</u>, No. 05 Civ. 2749 (DLC), 2006 WL 217799 (S.D.N.Y. Jan 30, 2006).[1]  Defendants' motion to dismiss was, however, denied without prejudice to renewal following discovery addressed to identifying the principal place of business of Standard New York.  <u>Id.</u> at *4.

Plaintiffs now move for reconsideration of the January 30 Opinion, arguing that a recently produced Agency and Services Agreement (the "Agency Agreement") between Standard New York[2] and Standard Bank London Ltd. ("Standard London") demonstrates that Standard New York conducts business exclusively as an agent of Standard London.  According to plaintiffs, because they "cannot recover from Standard New York (the agent), but only from

---

[1] A more complete description of the facts of this case appears in the January 30 Opinion, familiarity with which is assumed.

[2] The Agency Agreement is signed by Standard London and Standard Americas, Inc. ("Standard Americas").  As noted in the January 30 Opinion, Standard New York was a predecessor of Standard Americas.  The parties apparently agree that, for the purposes of these motions, the Agency Agreement should be construed as being between Standard London and Standard New York.

Standard London (the principal), ... Standard New York is not a necessary or indispensable party to the lawsuit."  Defendants oppose the motion, arguing that the employment contracts between plaintiffs and Standard New York were beyond the scope of the Agency Agreement.  They cross-move for summary judgment on the issue of Standard New York's principal place of business, which defendants claim is New York.  For the following reasons, plaintiffs' motion for reconsideration is denied, and defendants' motion for summary judgment is granted.

Motion for Reconsideration

Plaintiffs move for reconsideration of the January 30 Opinion under Rule 54(b) of the Federal Rules of Civil Procedure, which provides, in relevant part, that prior to entry of a final judgment, an interlocutory "order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b).  Although reconsideration is discretionary, the Second Circuit has cautioned that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (citation omitted).  Thus, reconsideration is only appropriate where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent a manifest injustice." Id.

Here, plaintiffs' motion is based solely on the Agency Agreement, which was produced by defendants in response to discovery demands made after the January 30 Order. Defendants do not contest the Agency Agreement's admissibility, nor do they claim that plaintiffs should have discovered it earlier. The only issue, then, is whether this new evidence is sufficiently important to change the outcome of the January 30 Order.

Through the Agency Agreement dated December 16, 2002, Standard New York contracted with Standard London to be its "non-exclusive agent" in entering into various transactions in the United States -- a market in which Standard London has no legal presence. These transactions are specified in the Agency Agreement, and include trades in "foreign exchange, base metals and precious metals ... and transactions in any other financial or deposit based business as may be agreed between the parties." In exchange for fee payments from Standard London, Standard New York agreed to obtain information about the relevant markets, identify potential transactions, negotiate prices, and deal with counterparties. Because the transactions were to be "solely for the account of [Standard London]," Standard New York would be compensated only through the negotiated fees and would not share in the profits or losses arising from the transactions.

Plaintiffs argue that discovery of the Agency Agreement fundamentally changed their understanding "of the legal nature of the relationship between Standard New York and Standard London."

They apparently construe the agreement to establish that Standard New York is <u>nothing more than</u> an agent of Standard London. Pointing to the uncontroverted principle of law that when an agent conducts business with a third party on behalf of a principal, it is the principal not the agent who is liable to the third party for any recovery, <u>see, e.g.</u>, <u>Shimkin v. Tompkins, McGuire, Wachenfeld & Barry</u>, No. 02 Civ. 9731 (DLC), 2003 WL 21964959, at *4-5 (S.D.N.Y. Aug. 19, 2003), they argue that Standard London is, in fact, the only entity from which they can recover their bonus payments.

Plaintiffs' interpretation of the Agency Agreement is wrong. While it is clear that Standard New York acts as Standard London's agent to the extent that it provides the services enumerated in the Agency Agreement, it does not follow that Standard New York <u>always</u> acts as Standard London's agent. Indeed, the Agency Agreement itself notes that Standard New York is a separately incorporated company that is contracting with Standard London "on an arm's length basis and on a fee for service basis." Nothing in the Agency Agreement prohibits Standard New York from engaging in activities outside the scope of the agreement, and the company in fact derives revenue from an investment advisory unit that is wholly separate from the Agency Agreement.

Even if fees from Standard London <u>were</u> Standard New York's only source of income, however, this would not alter the fundamental character of plaintiffs' employment. Plaintiffs'

5

contracts were, as noted in the January 30 Opinion, with Standard New York.  And when Standard New York signed these contracts, it was not acting under the Agency Agreement or on behalf of Standard London.  Indeed, the Agency Agreement specifically prohibits Standard New York from "act[ing] or represent[ing] [Standard London] in any way other than in strict accordance with [Standard London's] instructions."  There is no indication that any such instructions were given here.  Therefore, the Agency Agreement does not change the central holding of the January 30 Opinion -- namely, that plaintiffs were employed by Standard New York, and that Standard New York is therefore an indispensable party under Rule 19.[3]  The motion for reconsideration is therefore denied.

Motion for Summary Judgment

Federal district courts have subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).  It is well established that diversity jurisdiction requires complete diversity between all plaintiffs and defendants in the action.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).  Under Section 1332, a corporation "is a citizen of any State by which it has been

---

[3] Although the parties do not address this point in their briefs, it is worth noting that Weissman, Veraster, and Dunn began working for Standard New York in the 1990s -- years before the Agency Agreement was signed.

6

incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c).  Here, defendants argue that they are entitled to summary judgment on the issue of Standard New York's primary place of business, which they claim is New York.  Plaintiffs contend that Standard New York is either an agent of Standard London, or does virtually no business except for that done on behalf of Standard London, and as a result, its principal place of business is London.

The Second Circuit has recognized that "[a] variety of tests exist to determine a corporation's principal place of business." Pinnacle Consultants, Ltd. v. Leucadia Nat. Corp., 101 F.3d 900, 906 (2d Cir. 1996).  "[W]hen the corporation generally conducts its business policy and makes management decisions in a single state," however, the inquiry is "relatively straightforward." Id. (citation omitted).

It is apparently uncontested that Standard New York's main office is located in New York City; that its directors and officers run the business from New York; that it pays federal, state, and local taxes in New York; and that almost all of its employees, including plaintiffs, were and are employed in New York.  Plaintiffs dismiss these facts as "corporate formalities," but they are, in fact, central to the determination of a corporation's principal place of business.  See, e.g., R. G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979).  Further, plaintiffs have pointed to no activities undertaken by Standard New York outside of New York.

Instead, plaintiffs make two arguments in support of the proposition that Standard New York's principal place of business is that of Standard London.  First, they claim that the Agency Agreement made Standard New York into nothing more than an agent of Standard London.  This argument is rejected for the reasons described above.  Second, they contend that the evidence demonstrates that "virtually all of the business done at Standard New York was under the direction, at the request of, and/or for the account of Standard London."  Even if this were true -- and it is far from clear that it is -- it would have little bearing on the location of Standard New York's primary place of business.  Indeed, plaintiffs cite no legal authority for the proposition that a business that serves a single large customer is deemed to have its principal place of business in the location where the customer operates.

Defendants have carried their burden of demonstrating "that there is no genuine issue as to any material fact" regarding Standard New York's principal place of business.  Rule 56(c), Fed. R. Civ. P.  Because no rational fact finder could find in plaintiffs' favor on this issue, defendants are entitled to a judgment as a matter of law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  Defendants' motion for partial summary judgment is therefore granted.

Conclusion

For the foregoing reasons, plaintiffs' motion for reconsideration is denied, and defendants' motion for partial summary judgment is granted. Because Standard New York is an indispensable party under Rule 19 of the Federal Rules of Civil Procedure, and because joinder of Standard New York would defeat this Court's jurisdiction over the lawsuit, the action is hereby dismissed. The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         August 8, 2006

                                    _____
                                          DENISE COTE
                                    United States District Judge